Vincent ALFORD, Michael D. Blount, Geraldine Brodnax, Milton L. Copeland, Joseph P. Eller, Joseph L. Fay, Melvin Howell, Ignatius Malbrough, Jr., Paul E. O'Brien, and Richard M. Watson, Petitioners,

v.

DEPARTMENT OF the NAVY, Respondent.

No. 01–3030.

United States Court of Appeals, Federal Circuit.

Feb. 20, 2002.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

LINN, Circuit Judge.

Petitioners seek review of a Merit Systems Protection Board ("Board") decision denying their petitions for enforcement of an Opinion and Order of the Board ordering the Department of the Navy ("the Navy") to grant petitioners law enforcement officer retirement credit ("LEO credit"). Basing its determinations on a Civil Service Retirement System ("CSRS") regulation, the Navy limited petitioners' entitlement to LEO credit to a period of one year prior to the dates on which petitioners submitted their initial requests for the credit. In this appeal, petitioners challenge the validity of the regulation at issue.

The Board, *sua sponte*, found petitioners' appeals to be barred by principles of res judicata, based on petitioners' failure to challenge the validity of the regulation in appealing the earlier denial of LEO credit by the Navy.

Because the Navy failed to affirmatively plead, and thus waived, the res judicata defense, and because the Board had not actually ruled on the issue in the previous litigation, we find the special circumstances needed to justify the Board's *sua sponte* finding of res judicata absent. Thus, the Board's denial of the petitions on res judicata grounds was in error and is *reversed*. On the merits of the challenge to the CSRS regulation at issue, we *affirm* the Board's conclusion that the regulation at issue was valid and that petitioners were not entitled to a waiver of the filing deadlines set forth therein.

## BACKGROUND

Petitioners submitted requests for LEO coverage under 5 U.S.C. § 8336(c) or 5 U.S.C. § 8412(d). In June of 1997, the Navy issued its determinations denying LEO coverage. The memoranda denying coverage to the petitioners covered under CSRS began by quoting 5 C.F.R. § 831.906(e), which provides that "[c]overage in a position or credit for past service will not be granted for a period greater than 1 year prior to the date that the request from an individual is received...." 5 C.F.R. § 831.906(e) (2001). The closing paragraph of the memoranda echoed the regulatory language, notifying each petitioner of "his right to appeal the last 1 year of service on the MERITS of his claim...." The memorandum denying coverage to petitioner Geraldine Brodnax, who is covered under FERS, notified Brodnax of "her right to appeal this decision to the Merit Systems Protection Board as provided by 5 CFR 842.807."[1]

Petitioners then appealed to the Board. The appeals did not challenge the validity of 5 C.F.R. § 831.906(e). Nor was the regulation challenged at the hearing before the administrative law judge. In the subsequent initial decision, the Navy's determinations were reversed and the Navy was directed to grant the petitioners the appropriate amount of LEO retirement credit. *Stearn v. Dep't of the Navy*, No. DC–0831–97–0869–I–1, slip op. at 14 (M.S.P.B. Dec.8, 1997) (initial decision). The validity of the regulation incorporating the one-year period was not called into question by this decision, or during subsequent briefing to the full Board, which affirmed, as modified, the administrative law judge's decision. *Alford v. Dep't of the Navy*, 81 M.S.P.R. 569 (1999). The Board's decision

---

1. The court notes that petitioner Brodnax, who is covered by FERS and not CSRS, seems to have no interest in the outcome of this appeal. She did not challenge below the validity of the applicable FERS regulations, nor did she challenge the amount of LEO credit she received under those regulations. *Alford v. Dep't of the Navy*, No. DC–0831–97–0835–C–1, slip op. at 2 (M.S.P.B. Sept.1, 1999) (initial decision).

in this case was not appealed and thus became final.

Petitioners next submitted petitions for enforcement to the Board; in the accompanying memoranda, petitioners challenged the validity of 5 C.F.R. § 831.906(e) for the first time. In response, the Navy supplied notices of compliance to petitioners, informing them of their effective dates of LEO credit, which for those covered under CSRS were approximately one year prior to their applications for credit, in accordance with the regulation. The Navy's responses to the petition for enforcement did not raise the issue of a res judicata bar to the claim of invalidity of 5 C.F.R. § 831.906(e).

The administrative law judge denied petitioners' enforcement petitions. Among other grounds, the judge based his rulings on a *sua sponte* finding that any challenge to the validity of 5 C.F.R. § 831.906(e) was precluded by res judicata, since petitioners did not raise the issue in the earlier appeal from the Navy's denial of LEO credit, "[a]lthough they had opportunities to do so...." *Alford v. Dep't of the Navy*, No. DC–0831–97–0835–C–1, slip op. at 3 (M.S.P.B. Sept.1, 1999) (initial decision). Notwithstanding his reliance on res judicata, the judge also determined that 5 C.F.R. §§ 831.906(e) and (f) are not arbitrary, capricious, or manifestly contrary to the statute, and are neither ambiguous nor violative of due process, and held that the petitioners did not show that they were prevented by circumstances beyond their control from filing timely applications for LEO credit, and that they were thus not entitled to a waiver of the time limit.

The full Board denied petitioners' petition for review. *Alford v. Dep't of the Navy*, No. DC–0831–97–0835–C–1, 86 M.S.P.R. 688 (M.S.P.B. Aug.24, 2000) (final order).

We have jurisdiction over this appeal from the final Board decision under 5 U.S.C. § 7703(b)(1).

## DISCUSSION

The facts in this appeal relating to the CSRS petitioners, and the issues thereby presented, are indistinguishable from those presented by the Bremby and Stearn groups of appellants in *Stearn v. Department of the Navy*, 280 F.3d 1376 (Fed.Cir.2002), which is controlling in this case. Accordingly, for the reasons set forth in the *Stearn* opinion, we hold that the Navy waived the res judicata defense and the Board consequently erred in applying it *sua sponte*. Furthermore, and to the extent the Board made a determination notwithstanding its *sua sponte* reliance on res judicata that 5 C.F.R. §§ 831.906(e) and (f) are not arbitrary, capricious, or manifestly contrary to the statute, and are neither ambiguous nor violative of due process, we *affirm* for the reasons set forth in *Stearn*. *See id.* We also *affirm* the Board's holding that the petitioners covered by CSRS have not shown that they were prevented by circumstances beyond their control from filing timely applications for LEO credit, and that they are thus not entitled to a waiver of the time limit.